CRAIN, J., dissenting.
I believe that application of Louisiana Revised Statute 42:1124.2.1 to a chief judge of an appellate court is excluded by the express language of Louisiana Revised Statute 42:1167 ("All judges ... shall be governed exclusively by the provisions of the Code of Judicial Conduct)" (emphasis added), and where the appointment is by statute and ex officio it violates the separation of powers under the constitution. Otherwise, by legislative fiat judges may be subjected to executive/legislative branch authority by a statutory appointment subjecting judges to the executive/legislative branch ethics code. While there may be a distinction if the Supreme Court makes the appointment and the judge voluntarily serves, those facts are not presented by this case.